

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEDRICK BRUMFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO.  02-1843** |
| **WARDEN BURL CAIN** | **SECTION "S" (2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

## I.    FEDERAL PROCEDURAL BACKGROUND

On June 20, 2002, the petitioner, Shedrick Brumfield, filed a petition for federal habeas corpus relief seeking relief on the following grounds: (1) Counsel was ineffective because he did not allow Brumfield the right to testify in his own behalf and present a self-defense claim. (2) Counsel was ineffective for stipulating to the coroner's report without calling the coroner to testify, thereby denying Brumfield the right to confrontation of the witness against him and cross-examination. (3) Counsel was ineffective for failing to object to the prosecutor's closing argument regarding the position of the shooting victim and the angle of bullet entry based on the coroner's report, when the coroner was not called to testify as to the scientific evidence.[2]

In its response, the State argues that Brumfield's petition was not timely filed and, alternatively, that his claims are without merit.[3] On September 30, 2002, I issued a report and recommendation in which I recommended that Brumfield's federal habeas corpus

---

[2]Rec. Doc. No. 1, Petition, p. 5, Memorandum, p. 1.

[3]Rec. Doc. No. 4.

petition be dismissed with prejudice because the ineffective assistance of counsel claims were meritless.[4]

Brumfield thereafter filed objections and a separate motion to expand the record to include the following two additional claims: (1) The jury should not have been allowed to review evidence in the jury room.  (2) Counsel was ineffective for failing to move to suppress his statement to police based on coercion.[5]  The District Judge granted the motion and dismissed the petition to allow Brumfield to exhaust state court remedies as to the two new claims.[6]

On April 26, 2005, Brumfield filed a motion to reopen the case and to assert <u>four</u> new claims:[7] (1) The state trial court exceeded its jurisdiction in allowing inadmissable evidence into the record without making a preliminary assessment as a precondition to admissibility. (2) Detective Arrowood was allowed to give hearsay testimony as an expert and/or layman regarding the forensic pathologist's report in violation of the Confrontation Clause and due process of law. (3) Counsel was ineffective for allowing the petitioner's coerced confession to be heard by the jury. (4) The jury was improperly allowed to review the evidence during deliberations.

---

[4]Rec. Doc. No. 6.

[5]Rec. Doc. No. 7, 9.

[6]Rec. Doc. No. 10, 11.

[7]Rec. Doc. No. 13.

The district judge granted Brumfield's motion to reopen and referred the matter to me for further proceedings.[8]  The State responded to the amended claims alleging that the claims are procedurally barred from review.[9]

II.    FACTUAL AND STATE PROCEDURAL BACKGROUND

Although my prior report contains a detailed recounting of the procedural history of the underlying state criminal proceedings, the relevant facts and history are repeated here for ease of reference.

Brumfield is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[10]  On June 5, 1997, Brumfield was indicted for second degree murder in St. Tammany Parish.[11]  The Louisiana First Circuit Court of Appeal set forth the following relevant facts as determined at trial:

> Around midnight on May 3, 1997, Brent Randall was sitting outside his house talking to two women.  His house was located about a half block away from this mother's home.  Randall could see his young niece and nephews sitting outside his mother's home and yelled at them to go inside. Randall then walked to his mother's home and told her to keep the children inside.
> As Randall started to walk back to his home, defendant rode alongside Randall on his bike and began arguing with Randall.  At one point, Randall told defendant, "I don't mean no harm, but I don't want you

---

[8]Rec. Doc. No. 14.

[9]Rec. Doc. No. 21.

[10]Rec. Doc. No. 1, Petition, p. 2.

[11]St. Rec. Vol. 1 of 3, Indictment, 6/5/97.

hanging around my mother's house." He advised defendant to return the next day if he wanted to talk to his niece. Defendant cursed Randall and the men continued to argue as Randall arrived at his home. Defendant then rode his bike to the corner.

One of the women approached defendant to talk to him and noticed he had a gun. Randall then walked up to defendant and the men continued arguing. Defendant pulled out the gun and shot Randall, killing him. During the fifteen-to-twenty-minute argument, Randall was not physically aggressive to defendant. Randall did not have a weapon. After defendant was arrested, he gave a taped statement confessing to shooting Randall.

St. Rec. Vol. 3 of 3, First Circuit Opinion, p. 2, 99-KA-0382, November 5, 1999; State v. Brumfield, 759 So.2d 339 (La. App. 1st Cir. 1999) (Table).

Brumfield was tried by a jury on March 2 and 4, 1998, and found guilty as charged by unanimous verdict.[12] Brumfield's counsel filed motions for new trial and for post-verdict judgment of acquittal, both of which were denied by the trial court at the sentencing hearing on August 12, 1998.[13]

After Brumfield waived legal delays, the trial court sentenced him that same day to life imprisonment without parole, probation or suspension of sentence.[14] Brumfield's subsequent motion to reconsider sentence was also denied.[15]

---

[12]St. Rec. Vol. 1 of 3, Trial Minutes (3 pages), 3/2/98; Trial Minutes (5 pages), 3/4/98; Trial Transcript, 3/4/98, p. 95.

[13]St. Rec. Vol. 1 of 3, Motion for New Trial, 6/30/98; Motion for Post Verdict Judgment of Acquittal, 6/30/98; Sentencing Minutes, 8/12/98; St. Rec. Vol. 2 of 3, Sentencing Transcript, 8/12/98.

[14]St. Rec. Vol. 1 of 3, Sentencing Minutes, 8/12/98; St. Rec. Vol. 2 of 3, Sentencing Transcript, 8/12/98.

[15]St. Rec. Vol. 1 of 3, Motion to Reconsider (Order attached), 8/12/98; Sentencing Minutes, 8/12/98.

Brumfield's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on November 5, 1999.[16]  Under Louisiana law, he had 30 days from issuance of that opinion, or until December 5, 1999, to file for review with the Louisiana Supreme Court, which he did not do.[17]  The conviction became final at that time.

Brumfield filed an application for post-conviction relief in the trial court on August 9, 2000, alleging that counsel was ineffective.[18]  The trial court denied the application on the merits on September 20, 2000.[19]  Brumfield filed a writ application with the Louisiana First Circuit on October 18, 2000.[20]  The appellate court denied the application without reasons on March 23, 2001.[21]

In the meantime, Brumfield filed a motion to correct his sentence in the trial court on October 19, 2000.[22]  The trial court denied the motion without reasons on November

---

[16]St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 99-KA-0382,11/5/99; State v. Brumfield, 759 So.2d 339 (La. App. 1st Cir. 1999) (Table).

[17]La. S.Ct. R. X § 5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment.  See also, La. Code Crim. P. art. 922(A).

[18]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 8/9/00.

[19]St. Rec. Vol. 3 of 3, Order Dismissing Application for Post-Conviction Relief, 9/20/00.

[20]The filing date of the application in Case No. 2000-KW-2386 was obtained by the Court from the clerk of the Louisiana First Circuit.

[21]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2000-KW-2386, 3/23/01.

[22]St. Rec. Vol. 3 of 3, Motion to Correct an Illegal Sentence, 10/19/00.

10, 2000.[23]  Brumfield thereafter filed a writ application with the Louisiana First Circuit on December 7, 2000.[24] The appellate court denied the application on March 23, 2001, citing State v. Gedric, 741 So.2d 849 (La. App. 1st Cir.), writ denied, 751 So.2d 239 (1999), on the grounds that the writ application sought procedurally improper relief.[25]

On May 2, 2001, Brumfield filed an untimely writ application with the Louisiana Supreme Court challenging the First Circuit's rulings in both Case Nos. 2000-KW-2386 and 2000-KW-2823.[26]  The Supreme Court denied the writ application without reasons on February 22, 2002.[27] Brumfield's application for reconsideration was denied without reasons on April 12, 2002.[28]

After his first federal habeas corpus petition was dismissed without prejudice on July 11, 2003, Brumfield filed a motion in the state trial court in which he sought review

---

[23]St. Rec. Vol. 3 of 3, Trial Court Order, 11/10/00.

[24]The filing date of the application in Case No. 2000-KW-2823 was obtained by the Court from the clerk of the Louisiana First Circuit.

[25]In Gedric, the First Circuit held that the Louisiana courts were without jurisdiction to alter a sentence once it had begun execution and that it could not address the merits of an out-of-time motion to reconsider a sentence.

[26]The filing date and postmark date were obtained from the office of the Clerk of the Louisiana Supreme Court.  The writ application was untimely because it was not filed (or post-marked) by April 22, 2001, which was 30 days after the issuance of the First Circuit's rulings.  See La. S.Ct. R. X § 5(a); La. Code Crim. P. art. 922(A).  The writ was also post-marked April 26, 2001, four days after the filing deadline.

[27]State ex rel. Brumfield v. State, 810 So.2d 1139 (La. 2002).

[28]State ex rel. Brumfield, 810 So.2d at 1139.

of four claims:[29] (1) The state trial court exceeded its jurisdiction by allowing inadmissable evidence into the record without holding "a preliminary assessment as a precondition to admissibility." (2) Detective Arrowood was allowed to give hearsay testify as an expert and/or layman regarding the forensic pathologist's report in violation of the Confrontation Clause and due process of law. (3) Counsel was ineffective for allowing the petitioner's coerced confession to be heard by the jury. (4) The jury was improperly allowed to review the evidence during deliberations. The motion was denied by the state trial court without reasons on August 20, 2003.[30] The Louisiana First Circuit denied Brumfield's related writ application without reasons on December 15, 2003.[31]

On January 16, 2004, Brumfield filed a writ application in the Louisiana Supreme Court in which he asserted the same four grounds for relief.[32]  The court denied the application on February 4, 2005, citing La. Code Crim. P. art. 930.8 and State ex rel.

---

[29]St. Rec. Vol. 3 of 3, Motion and Order to Expand Record, 7/29/03.

[30]St. Rec. Vol. 3 of 3, Trial Court Order, 8/20/03.

[31]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2003-KW-2142, 12/15/03.

[32]St. Rec. Vol. 3 of 3, La. S. Ct. Letter, 2004-KH-172, 1/16/04; Rec. Doc. No. 21, Attachment, La. S. Ct. Writ Application, 04-KH-172 filed 1/16/04.

Glover v. State, 660 So.2d 1189 (La. 1995).[33]  The court also denied without reasons

Brumfield's request for reconsideration.[34]

III.    GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including

28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[35] and applies to

habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir.

1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to

Brumfield's petitions deemed filed on June 12, 2002.[36]

----

[33]State ex rel. Brumfield v. State, 893 So.2d 88 (La. 2005); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2004-KH-0172, 2/4/05.  At the time of Brumfield's conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief in the state courts. In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[34]State ex rel. Brumfield v. State, 896 So.2d 1020 (La. 2005); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2004-KH-0172, 3/24/05.

[35]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[36]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Brumfield's petition was filed by the clerk of court on June 20, 2002. Brumfield, by design or neglect, did not date his signature on the petition or the memorandum in support, although the petition clearly provides a place to do so. He did, however, sign and date the pauper application which was submitted with the petition.  The pauper application was dated by him on June 12, 2002, which is the earliest date on which he could have delivered the package of documents to prison officials for mailing.  Affording Brumfield every benefit available from the documents he presented, June 12, 2002 will be considered the filing date for

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As discussed in detail in my prior report and recommendation, Brumfield's original petition was timely filed and the three original claims were exhausted. The State now argues that the additional claims added with the motion to reopen are in procedural default. For the following reasons, I agree that Brumfield's four new claims are in procedural default, and I recommend again that the three ineffective assistance of counsel claims raised in his original petition should be dismissed because they are without merit.

## IV.   PROCEDURAL DEFAULT

Brumfield asserts four new grounds for relief that he pursued through the state courts after dismissal of his first federal habeas corpus petition. Brumfield presented these claims to the Louisiana Supreme Court in Writ No. 2004-KH-0172 after denial of relief by the state trial court and the Louisiana First Circuit. The Louisiana Supreme Court denied relief based on La. Code Crim. P. art. 930.8 and State ex rel. Glover v.

---

limitations purposes.

State, which allow for dismissal of applications for post-conviction relief filed after the time limitations for doing so have expired.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition, unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

For these state-imposed procedural bars to prevent review by this federal habeas court, the bars must be independent and adequate. A procedural restriction is

11

"independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. <u>Amos</u>, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. <u>Glover</u>, 128 F.3d at 902. A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. <u>Id</u>.

In Brumfield's case, the last reasoned opinion of the state court was that of the Louisiana Supreme Court in which the court clearly and expressly based its decision on the statute of limitations found in La. Code Crim. P. art. 930.8 and the decision in <u>State ex rel. Glover</u> interpreting that article. As to the independence of that article, the United States Fifth Circuit Court of Appeals in <u>Glover v. Cain</u> held that denial of relief premised on the untimeliness of a claim under Article 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine. <u>Glover</u>, 128 F.3d at 902. The same is true in this case.

The United States Fifth Circuit has also squarely held that because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, <u>i.e.</u>, it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." <u>Id.</u> (citing <u>Dugger v. Adams</u>, 489

U.S. 401, 410 n.6 (1989); <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988); and <u>Amos</u>, 61 F.3d at 339).

This United States Fifth Circuit case law is binding in the instant case.  Because the state court's decision rested on an independent and adequate state rule of procedural default, this court may not review Brumfield's four additional claims.

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  <u>Glover</u>, 128 F.3d at 902 (citing <u>Coleman</u>, 501 U.S. at 731-32); <u>Amos</u>, 61 F.3d at 338-39 (citing <u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  <u>Id</u>. at 486.

In his reply to the State's opposition memorandum, Brumfield appears to argue that he did not bring his claims sooner because he did not obtain copies of his confession

or the coroner's report until recently, after having his prior requests for production denied by the district attorney. However, as evidenced by his argument in connection with his original federal habeas corpus petition, Brumfield had a copy of the trial transcript when that petition was filed. The record also shows that he was present at trial when the evidence was submitted to the jury and when Detective Arrowood testified and he was well aware that his confession was used by the State at trial to contradict his self-defense arguments.[37]  In addition, the record shows that Brumfield was present at a hearing on January 26, 1998, concerning his motion to suppress the confession, which was denied.[38]  Thus, he apparently knew that his counsel had moved to suppress the confession, which is also contrary to his present claim.

I am not persuaded that these claims are new discoveries or that he was impeded in any way from raising the claims at an earlier time. Trest, 94 F.3d at 1008. Brumfield has failed to establish a legitimate cause for his failure timely to seek review of these claims in the state courts. My review of the record does not support a finding that any external factor prevented Brumfield from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented Brumfield from doing so in a timely manner.

---

[37]E.g., Rec. Doc. No. 1, Petition, Memorandum in Support; Rec. Doc. No. 5, Objections to State's Opposition, p. 8-9.

[38]St. Rec. Vol. 1 of 3, Minutes of Motion Hearing, 1/26/98; Motion Hearing Transcript, 1/26/98.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and Brumfield has not alleged any actual prejudice. Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Brumfield's four new claims are therefore procedurally barred from review by this federal habeas corpus court. See Trest v. Whitley, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), vacated on other grounds, 522 U.S. 87 (1998).[39]

Brumfield's only means of avoiding this bar is if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering

---

[39]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument sua sponte. Id.

all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); Nobles, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")  When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.  Glover, 128 F.3d at 903.

Brumfield does not present and the record contains nothing to support the conclusion that he may be actually innocent.  His claims address procedural failings in the underlying criminal proceedings.  He does not point to any new or existing evidence not already considered by the jury which would create a reasonable doubt as to his guilt or tend to establish his actual innocence or even indicate that he did not actually shoot the victim.

For these reasons, Brumfield has failed to overcome the procedural bar to his four new claims presented upon the reopening of this case.  The claims are procedurally barred and must be dismissed with prejudice for this reason.

16

V.   PRIOR RECOMMENDATION ADOPTED HEREIN

In my prior report, Rec. Doc. No. 6, I addressed Brumfield's original claims, which were as follows: (1) Counsel was ineffective because he did not allow Brumfield the right to testify in his own behalf and present a self-defense claim. (2) Counsel was ineffective for stipulating to the coroner's report without calling the coroner to testify, thereby denying Brumfield to right to confrontation and cross-examination. (3) Counsel was ineffective for failure to object to the prosecutor's closing argument regarding the position of the shooting victim and the angle of the bullet entry based on the coroner's report, when the coroner was not called to testify as to the scientific evidence.

In my previous report after complete discussion of the merits of each claim, I recommended that the petition be denied and dismissed with prejudice because the claims were without merit.   For the reasons assigned in my prior report and recommendation, which are incorporated herein in full, I again recommend that Brumfield's original three claims of ineffective assistance of counsel be dismissed with prejudice as meritless.   For ease of reference, the following is a reproduction of that portion of my previous report:

A.   STANDARDS OF A MERITS REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards

17

of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93;

Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the state-court decision applied [a

Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting

Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone,

535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the

only question for a federal habeas court is whether the state court's determination is

objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert.

denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner

to show that the state court applied the precedent to the facts of his case in an objectively

unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25).

B.   INEFFECTIVE ASSISTANCE OF COUNSEL

Brumfield seeks federal habeas relief on grounds that he was denied effective

assistance of counsel because counsel (a) denied him the right to testify in his own behalf

and present a self-defense claim, (b) stipulated to the coroner's report without calling the

coroner to testify, thereby denying him the right to confrontation and cross-examination, and (c) failed to object to the prosecutor's closing argument regarding the position of the shooting victim and the angle of the bullet entry based on the coroner's report when the coroner was not called to testify as to the scientific evidence.  Brumfield raised these same claims in his state court application for post-conviction relief.

Citing Strickland v. Washington, 466 U.S. 668 (1984), the state trial court denied Brumfield's application for post-conviction relief because he failed to prove that counsel's performance was deficient or prejudicial to the outcome of the case.  The Louisiana First Circuit and the Louisiana Supreme Court denied further review without reasons, thereby leaving the state trial court's decision as the last reasoned opinion of any state court for review by this federal court engaged in habeas corpus review.  Ylst, 501 U.S. at 802.

The issue of effective assistance of counsel is a mixed question of law and fact. Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994).  Accordingly, the question before this court is whether the state courts' denial of relief was contrary to or unreasonably applied the United States Supreme Court's decision in Strickland to the facts of Brumfield's case.

The Strickland, decision, which was expressly relied upon by the state trial court, is the appropriate United States Supreme Court precedent for analyzing ineffective

20

assistance of counsel claims.  In <u>Strickland</u>, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.  First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 687-88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694; <u>accord</u> <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive <u>Strickland</u> standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.  <u>Kimler</u>, 167 F.3d at 893.  A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.'  But it is not enough, under <u>Strickland</u>, 'that the errors had some conceivable effect on the outcome of the proceeding.'" <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 693).

On habeas review, scrutiny of counsel's performance "must be highly deferential," and the court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." <u>Moore v. Johnson</u>, 194 F.3d 586, 591 (5th Cir. 1999) (citing <u>Strickland</u>, 466 U.S. at 689-90).

Brumfield's first complaint is that his counsel should have allowed him to testify in support of the defense theory of self-defense. He contends that counsel's decision was not "trial strategy" since he failed adequately to present any other evidence of self-defense for the jury to consider. Instead, Brumfield argues, counsel closed the defense case without calling Brumfield and without obtaining his consent to waive his right to testify. Brumfield contends that his testimony may have been crucial to proving the self-defense theory.

In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000), cert. denied, 531 U.S. 1167 (2001). This court is bound to recognize the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690.

Although Brumfield's counsel waived opening argument, the State specifically argued that it would establish that the shooting was not justified because Brumfield faced no real or perceived threat of bodily harm from the victim.[40] During trial, Brumfield's

_____

[40]St. Rec. Vol. 1 of 3, Trial Transcript - State's Opening Argument, p. 10-11.

counsel questioned each witness regarding the age and size difference between Brumfield and Randall, the victim.  During closing arguments, defense counsel told the jury that he would take them through the evidence presented to "see if it was self-defense."[41]  Brumfield's counsel made the following statement on the record:[42]

> Who else testified for the State?  Detective Arrowood.  What did he do?
> He introduced a taped statement.  I had planned to call Shedrick Brumfield
> as a witness until that taped statement was introduced.  After that it wasn't
> necessary.  You already know what he has to say.  You already know what
> he has to say about it.  And it was mischaracterized in the State's closing
> argument . . .

The United States Fifth Circuit has held that the decision not to place a defendant on the stand is a strategy which seldom will support a challenge of ineffective assistance of counsel.  See Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (citing Robison v. Johnson, 151 F.3d 256 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999)).  Federal courts have consistently recognized that such tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance.  Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997) and Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

---

[41]St. Rec. Vol. 1 of 3, Trial Transcript - Defense's Closing Argument, p. 75, l. 10.

[42]St. Rec. Vol. 1 of 3, Trial Transcript - Defense's Closing Argument, p. 76, ls. 15-21.

In the instant case, counsel argued to the jury that, contrary to the State's representations, Brumfield did not run from police but instead freely made a statement about the events that took place.  Counsel argued, based on that inculpatory statement, that the jury could conclude that Brumfield was intimidated by the much larger Randall, thereby justifying the shooting.[43]  The above quoted argument to the jury clearly reflected a trial strategy decision.

Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise.  Strickland, 466 U.S. at 689; Moore, 194 F.3d at 591.  In the instant circumstance, counsel had to present a defense in the face of a voluntary confession to the police.  Had Brumfield taken the stand, the State would have been able to cross-examine him about the statement and his failure to mention self-defense. Because Brumfield did not testify, counsel was able to argue that the statement showed Brumfield's willingness to cooperate and his fear of the defendant.  The State could not cross-examine those arguments but instead had to rebut the argument with its own inferences drawn from the statement and other evidence.  Although unsuccessful, counsel's decision not to allow Brumfield to testify was clearly a defense strategy which cannot be second-guessed in hindsight.

---

[43]Id., p. 76-77.

For these reasons, Brumfield has failed to establish a constitutional deficiency in counsel's performance.  The state court's denial of relief was not contrary to or an unreasonable application of <u>Strickland</u>.

Brumfield also contends that counsel's decision to stipulate to the coroner's report was erroneous and violated his right to confront the coroner and challenge the report on cross-examination.[44]  Brumfield's claim raises two distinct issues:  (1) whether counsel erred in stipulating to the coroner's report; and (2) whether the stipulation effectively denied Brumfield his rights under the Confrontation Clause.

Louisiana law provides that the coroner's report "shall certify the cause of death." La. Code Crim. P. Art. 105.  The Louisiana Criminal Code also provides that "[a] coroner's report and a proces verbal of an autopsy shall be competent evidence of death and the cause thereof, but not of any other fact."  <u>Id</u>.

In the instant case, counsel stipulated to the introduction of the coroner's report. The stipulation was addressed twice during trial, first during the State's opening argument.[45]

---

[44]Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. <u>Jernigan v. Collins</u>, 980 F.2d 292, 298 (5th Cir. 1992).  The states are free to implement procedures regarding the admission of evidence, provided that those procedures do not infringe on a constitutional guarantee.  <u>Burgett v. State of Texas</u>, 389 U.S. 109 (1967).  In this instance, I must touch upon the propriety and admissibility of the coroner's report to determine whether counsel's performance was deficient.

[45]St. Rec. Vol. 1 of 3, Trial Transcript - State's Opining Argument, p. 10.

And there's going to be a stipulation by counsel and I as to the Coroner's report. Nobody - - nobody here is challenging that the cause of death was that gunshot wound to his neck.

During trial, the assistant district attorney again pronounced the stipulation to the court:[46]

> MR. BODENHEIMER:
>    All right, Your Honor, at this time I think by stipulation with defense counsel we are going to offer, introduce, and file into evidence what we're going to mark as State's Exhibit No. 3, that being the Coroner's Report and all attached documents.

Although the reason behind the stipulation was not given at the time of the offer, the State's opening argument indicates that the stipulation was as to the coroner's finding of the cause of death. Louisiana law designates that the coroner's report shall be certification of the cause of death. Counsel appears to have stipulated to that which the law directs. This is not deficient performance.

Nevertheless, the result of the stipulation was that the entirety of the coroner's report was presented to the jury. For this reason, Brumfield also challenges the stipulation because it denied him the protections of the Confrontation Clause regarding the coroner's findings that the entry wound was in Randall's back.[47]

---

[46]St. Rec. Vol. 1 of 3, Trial Transcript - Stipulation, p. 43.

[47]The coroner's report and the testimony of Officer Douglas Arrowood reflect that the bullet entered at the area of the back of the neck and never exited from Randall's body. St. Rec. Vol. 1 of 3, Trial Transcript, p. 61; St. Rec. Vol. 3 of 3, Autopsy Report, ¶3, signed 6/7/95. The trial transcript indicates that the self-defense theory would require Brumfield to disprove the conclusion that he shot Randall in the back as he ran from him.

"The wrongful admission of hearsay evidence violates the Confrontation Clause only when the evidence was a crucial, critical or highly significant factor in the framework of the whole trial." Gochicoa v. Johnson, 118 F.3d 440, 446 (5th Cir. 1997). In making this determination, the court must consider the following five factors.

> (1) whether the hearsay evidence was "crucial" or "devastating";
> (2) whether prosecutors misused a confession or otherwise engaged in misconduct;
> (3) whether a joint trial or the wholesale denial of cross-examination was involved;
> (4) whether the most important prosecution witness, as well as other prosecution witnesses, was available for cross-examination; and
> (5) the degree to which the hearsay evidence is supported by indicia of [its] reliability.

Id. (citations omitted).

The most important factors are the first and the last. Id. As to the fifth factor, "[a] statement of an unavailable witness is sufficiently reliable only if it falls within a firmly rooted exception to the hearsay rule or if it carries particularized guarantees of trustworthiness." Id. at 446. These "particularized guarantees of trustworthiness" must be drawn from the totality of the circumstances surrounding the making of the statement. Idaho v. Wright, 497 U.S. 805, 820 (1990); United States v. Ismoila, 100 F.3d 380, 393 (5th Cir. 1996). As to the first factor, "[t]he determination of whether the evidence is 'crucial' or 'devastating,' on the other hand, recognizes that the erroneous admission of unreliable hearsay may nonetheless be harmless in light of other evidence at trial; by

27

examining whether hearsay was 'crucial' or 'devastating,' the court seeks to determine whether the impermissible hearsay evidence was sufficiently damaging to the defense to warrant reversal." Gochicoa, 118 F.3d at 446-47 (citations omitted). The "crucial" and "devastating" prong of the test is equivalent to harmless error. Gochicoa v. Johnson, 238 F.3d 278, 286, 287 n.11 (5th Cir. 2000).

First and foremost, Brumfield has not established that the coroner's report was improperly admitted at trial or that the stipulation to its admission was improper. Furthermore, in Louisiana, a coroner's report is deemed proof of the fact and cause of death. By law, it carries the element of trustworthiness arising out of the duties bestowed on the coroner in preparing the cause of death report.

According to the testimony, the coroner's report determined that Randall died from a gunshot wound to the back of the neck. This finding is critical and potentially devastating to Brumfield's self-defense theory.

However, Brumfield had the opportunity to cross-examine Officer Arrowood, the State's main witness on the cause of death. Officer Arrowood attended the autopsy and identified the pictures he took during the autopsy.[48] These pictures, as well as the coroner's report, showed that the bullet went into Randall's neck and never came out.[49] Thus, there was only one bullet hole in Randall's body which could have been the entry

---

[48]St. Rec. Vol. 1 of 3, Trial Transcript, p. 50-63.

[49]Id. at p. 61.

point and that entry point indicated that Randall was facing away from Brumfield when he was shot.  Even the most skilled of attorneys could not change that fact.

In addition to Arrowood's forensic testimony, the State called several lay eye-witnesses who testified that Randall was moving away from Brumfield when he was shot.  Brumfield had ample opportunity to cross-examine the findings regarding the angle of the deadly shot.  Brumfield has therefore failed to establish a violation of the Confrontation Clause.

Furthermore, there was no error in stipulating to or admitting the coroner's report into evidence.  Therefore, the stipulation to admission of the coroner's report was not deficient or prejudicial in violation of Strickland.

Finally, Brumfield contends that counsel erred when he failed to object to the State's closing argument, which relied on the coroner's report, since he was denied the right to cross-examine the coroner at trial.  This claim is wholly without merit.

I have already determined that there was no error in the admission of the coroner's report into evidence and no violation of the Confrontation Clause.  For these reasons, there was nothing to which counsel could object.

Furthermore, claims of prosecutorial misconduct about which trial counsel did not object during trial must be evaluated under plain error analysis to determine if the alleged violations "seriously affected the fairness, integrity, or public reputation of judicial

29

proceeding and resulted in a miscarriage of justice." <u>United States v. Goff</u>, 847 F.2d 149, 162 (5th Cir. 1988), <u>cert. denied</u>, 488 U.S. 932 (1988) (citing <u>United States v. Livingston</u>, 816 F.2d 184, 195 (5th Cir. 1987)). Brumfield has not established any error by the prosecutor in referencing the coroner's report in light of Officer Arrowood's testimony. The representations made by the prosecutor in his closing argument were supported by the evidence, which was properly admitted at trial. Defense counsel had no basis to object and was therefore not deficient in his performance.

For all of the foregoing reasons, Brumfield has failed to establish that the state court's denial of relief based on ineffective assistance of counsel was contrary to or an unreasonable application of <u>Strickland</u>. He is not entitled to relief on these claims.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the petition of Shedrick Brumfield for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United</u>

<u>Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).


New Orleans, Louisiana, this _____ day of December, 2005.



_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

31