```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    OCT  5 2006

LORETTA G. WHYTE
        CLERK
```

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30231
USDC No. 2:02-CV-1843

U.S. COURT OF APPEALS
**FILED**

OCT  2 2006

**CHARLES R. FULBRUGE III**
            **CLERK**

SHEDRICK BRUMFIELD,

                              Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                              Respondent-Appellee.

---------------------

Appeals from the United States District Court
for the Eastern District of Louisiana

---------------------

O R D E R:

    Shedrick Brumfield, Louisiana prisoner # 395469, seeks a
certificate of appealability (COA) to appeal the dismissal of his
28 U.S.C. § 2254 petition, wherein he challenged his conviction
for second degree murder.  A COA may issue only if Brumfield "has
made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  When a district court's denial
of habeas relief is on procedural grounds, a COA may not issue
unless the prisoner shows that "jurists of reason would find it
debatable whether the petition states a valid claim of the denial
of a constitutional right and that jurists of reason would find
it debatable whether the district court was correct in its

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).
When the district court has denied relief on the merits, the
prisoner "must demonstrate that reasonable jurists would find the
district court's assessment of the constitutional claims
debatable or wrong." Id.

With the benefit of liberal construction, Brumfield argues
that his counsel rendered ineffective assistance by failing to
call him to testify on his own behalf and by stipulating to the
admission of the coroner's report. Brumfield has not made the
necessary showing for a COA with respect to these claims. See
Slack, 529 U.S. at 484. Brumfield further argues that counsel
was ineffective for failing to seek a mistrial due to
prosecutorial misconduct during closing argument. This claim is
raised for the first time in the COA application and is not
considered. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th
Cir. 1998).

Brumfield erroneously argues that the district court
improperly denied four of his claims as time-barred and as
successive. The district court dismissed those claims as
procedurally defaulted, however, because the state courts had
relied on an independent and adequate state procedural bar to
deny the claims, which Brumfield does not address. By failing to
address the basis for the district court's dismissal, Brumfield
has abandoned the issue on appeal, see Hughes v. Johnson, 191
F.3d 607, 613 (5th Cir. 1999), and this court need not address

O R D E R
No. 06-30231
-3-

it.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813

F.2d 744, 748 (5th Cir. 1987).

Accordingly, the request for a COA is DENIED.


CAROLYN DINEEN KING
UNITED STATES CIRCUIT JUDGE

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana     OCT - 2 2006